# MURPHY'S HEIRS *vs.* MURPHY'S ADM'R.

[APPEAL FROM FINAL DECREE ON SETTLEMENT OF DECEDENT'S ESTATE.]

1. *Appeal, motion to dismiss; when will be granted, on affidavit of payment of judgment appealed from.*—Where an appeal is taken after the satisfaction and payment of the judgment or decree appealed from, this court will entertain a motion to dismiss such appeal, upon affidavit of the fact of such satisfaction and payment, filed in this court by the appellee; and if the proceedings in the court below do not appear to have been erroneous, the appeal will be dismissed, unless the money paid on such judgment or decree is returned or tendered to the appellee, before the assignments of errors in this court.

2. *Satisfaction, acceptance of; is waiver of error.*—The acceptance of satisfaction on such a judgment or decree will be regarded as a waiver of the errors complained of. A party will not be permitted to hold on to the satisfaction, and also to insist on the errors at the same time.

APPEAL from Probate Court of Montgomery.
Tried before Hon. GEORGE ELY.

The opinion states the facts.

FALKNER & MOLTON, for appellant.
MARTIN & SAYRE, contra.

PETERS, J.—This is an appeal from a final decree on
the settlement and distribution of the estate of Franciana
Murphy, deceased, in the probate court of Montgomery
county. Sarah J. Smith, one of the distributees, is the
only party that appeals.

Since the appeal reached this court, an affidavit has been
filed here on the behalf of the appellee, Murphy, as the
administrator of Franciana Murphy, deceased, showing
" that when the appeal was taken no part of said decrees
was unsatisfied, but that the parties in whose favor said
decrees were rendered have been fully paid." And a mo-
tion is here made, predicated on said affidavit, to dismiss
said appeal. It is undoubtedly competent for this court to
entertain such a motion and compel the parties whose de-
crees have been paid and satisfied to refund the moneys
thus paid to them, or to dismiss the appeal.—McCreeliss v.
Hinkle, 17 Ala. 459.

But I have looked into the record, and find that the pro-
ceedings in the court below are sufficiently regular to be
free from error. The settlement and the decrees thereon
distributing the residue of assets remaining in the hands
of the administrator were made on the tenth day of May,
in the year 1869. At least, I so understand the record. It
also appears, that the paper relied on by the appellant as
a bill of exceptions, was not allowed and filed in the cause
until the twelfth day of May of the same year. This does
not appear to have been a bill of exceptions taken during
the trial, but it is a recital of some proceedings in the
court of a very indefinite character, which, upon motion of
the attorneys for the distributees, was admitted to record
in this cause. It does not appear that the decrees therein
mentioned were for any sums of money or other thing of

value, or that they were still unreversed and in full force; nor does it appear upon what evidence the court was called on to allow them to be charged against the administrator. Nor does the bill of exceptions show that *all* the evidence offered on the trial touching said judgments or decrees was incorporated into the bill of exceptions. In such a case, the presumption is in favor of the regularity of the action of the court below.—Revised Code, §§ 2754, 2755; *Griffin v. Bland*, 43 Ala. 542, and cases there cited.

Therefore, as no injury can accrue to the appellant or to the appellee by such a practice, it will be held that the receipt of the moneys due upon the decrees appealed from, and the allowance of their satisfaction in consequence of their payment in full before the appeal, is a waiver of all errors, unless the moneys thus received are returned or tendered to the appellee before proceeding to assign errors here in this court, and the appeal will be dismissed. In such a case, the appellant will not be permitted to hold on to the money and the errors too.

Let the appeal be dismissed, at the costs of Sarah J. Smith and her sureties on her appeal bond, in this court and in the court below.