# United States Savings & Loan Company v. Leftwich.

*Bill in Equity for Foreclosure of Mortgage.*

(Decided January 22, 1902.)

1. *Appeal; to what decree referred; when will be dismissed ex mero motu.*—In a foreclosure suit, where there were two decrees—the one decreeing a foreclosure and ordering a reference to the register to ascertain and report the amount due on the mortgage, and the other confirming the register's report, and ordering a sale of the property on failure to pay within thirty days the amount reported by the register to be due,—and the appeal was taken between the dates of the two decrees, and the only question sought to be raised is the amount due on the mortgage debt, the appeal will be dismissed by the court *ex mero motu*, as the last decree could not be reviewed on the appeal and would be left standing as conclusive of the amount due on the mortgage.

[United States Savings & Loan Company v. Leftwich.]

2. *Appeal; when will not be entertained; matters not affecting substantial rights of parties.*—Ordinarily an appellate court will not entertain an appeal when its decision will not affect any substantial right of a party in the pending matter.

3. *Appeal; to what decree referred.*—Where there are two decrees, both prior to the date of the notice of appeal, but only one prior to the date of filing and approving the appeal bond, and neither the notice of appeal nor the register's certificate to transcript states which decree is appealed from, and the bond does not describe either decree, the appeal will not be regarded as taken from the last decree.

4. *Appeal in foreclosure suit, where there are two decrees; review.* There being two decrees in a foreclosure suit, the one decreeing a foreclosure and ordering a reference to the register, and the other confirming the register's report on the reference, on an appeal from the last decree the former decree cannot be reviewed.

5. *Decree confirming register's report; failure to except to report of register.*—Where in a foreclosure suit no objections have been filed to the register's report of the amount due on the mortgage debt, a decree confirming such report must be affirmed on appeal, as such objections cannot be made first in the Supreme Court.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

In view of the dismissal of the appeal it is not necessary to state the facts of the case. The cause was submitted in the Supreme Court, no motion being made by appellee to dismiss the appeal.

PAUL HODGES, for appellant.

C. E. JORDAN, *contra.*

SHARPE, J.—This suit was for the foreclosure of a mortgage and the main defense was directed to the elimination of certain portions of the mortgage debt claimed to be usurious. On December 12, 1896, a decree was rendered which sustained that defense and ordered a foreclosure for the amount which should be found due on the mortgage exclusive of what was held to be usurious charges and referred to the register the ascertain-

ment of such amount.  On April 7, 1899, the parties pro-
ceeded to have the reference executed and on the next
day the register reported the amount due on the mort-
gage according to the terms of the decree as $2,123.54.
To this report there was no exception and on the next
day the court rendered a decree confirming the report
and directing in substance that unless the sum so as-
certained should be paid in thirty days, the mortgaged
property should be sold for its payment.  Accordingly
the lands were advertised for sale but in October, 1899,
before the sale day, a notice of an appeal by complain-
ant was given.  Neither the notice of appeal nor the
register's certificate states which of the two decrees was
appealed from, and the only bond is one purporting to
have been filed and approved on December 10, 1897,
for an appeal from a decree of December 12, 1897.
There was no decree of the latter date, but it may be
the bond was intended to apply to that of December 12,
1896.  If so the appeal was so far abandoned as to ren-
der a review of that decree useless for the reason that
whether it be found erroneous or not the last decree
being subsequent to the appeal could not be reviewed
thereon and woul be left standing as conclusive of the
amount due on the mortgage which is the only ques-
tion here sought to be raised.  Ordinarily an appellate
court will not entertain appeals from the results of its
action when its decision will not affect any substantial
right of a party in the pending matter.—*Little v. Bow-
ers,* 134 U. S. 547; *San Mateo Co. v. So. Pac. R. Co.,*
116 U. S. 138; *Wood Paper Co. v.Heft,* 8 Wall. 333;
*Freeholders, etc., v. Freeholders, etc.,* 44 N. J. Law,
438; *Chicago, etc., R. Co. v. Dey,* 76 Iowa, 278.

We do not regard the appeal as taken from the last
decree since there is neither bond nor security for costs
which could be referred to such an appeal, but if it
could be so regarded an affirmance would follow for
the reason if for no other that the register's report which
forms its basis was not objected to, and objections such
as would be necessary to question its correctness in re-
spect of the sum due complainant cannot be made for
the first time in this court, nor could the former final

decree if treated an unappealed be reviewed on an appeal from the last decree.—*Alexander v. Bates,* 26 Ala. 328.

The appeal will, therefore, be dismissed.